## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CLARA A. PATRICK, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-00338-N |
| | ) | |
| ANDREW M. SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Clara A. Patrick brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, and for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*[2] Upon consideration of the parties' briefs (Docs. 17, 20) and those portions of the

---

[1] Having been sworn in on June 17, 2019, Commissioner of Social Security Andrew M. Saul, as successor to Acting Commissioner Nancy A. Berryhill, is automatically substituted as the Defendant in this action under Federal Rule of Civil Procedure 25(d). (*See* https://www.ssa.gov/agency/commissioner.html & https://blog.ssa.gov/social-security-welcomes-its-new-commissioner (last visited Sept. 1, 2019)). The Clerk of Court is **DIRECTED** to update the docket heading accordingly.

[2] "Title II of the Social Security Act (Act), 49 Stat. 620, as amended, provides for the payment of insurance benefits to persons who have contributed to the program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1)(D) (1982 ed., Supp. III). Title XVI of the Act provides for the payment of disability benefits to indigent persons under the Supplemental Security Income (SSI) program. § 1382(a)." *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

administrative record (Doc. 14) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument, the Court finds that the Commissioner's final decision is due to be **REVERSED** and **REMANDED** under sentence four of § 405(g).[3]

## I.  *Background*

Patrick filed the subject applications for a period of disability, DIB, and SSI with the Social Security Administration ("SSA") on July 30, 2015.  After her applications were initially denied, Patrick requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review, which was held on June 28, 2017.  On October 12, 2017, the ALJ issued an unfavorable decision on Patrick's applications, finding her not disabled under the Social Security Act and thus not entitled to benefits.  (*See* R. 9 – 20).

The Commissioner's decision on Patrick's applications became final when the Appeals Council for the Office of Disability Adjudication and Review denied her request for review of the ALJ's decision on June 11, 2018.  (R. 1 – 6).  Patrick subsequently brought this action under § 405(g) and § 1383(c)(3) for judicial review of the Commissioner's final decision.  *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of

---

[3] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73.  (*See* Docs. 23, 24).

this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.     *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by

substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[4] "In determining whether substantial evidence exists, [a

_____

[4] Nevertheless, "[m]aking district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *id.*, and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added).

Moreover, the Eleventh Circuit Court of Appeals, whose review of Social Security appeals "is the same as that of the district court[,]" *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam), generally deems waived claims of error not fairly raised in the district court. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam)

court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). *See also McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986) ("We are constrained to conclude that the administrative agency here…reached the result that it did by focusing upon one aspect of the evidence and ignoring other parts of the record. In such circumstances we cannot properly find that the administrative decision is supported by substantial evidence. It is not enough to discover a piece of evidence which supports that decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole.").

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper

---

(unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) (per curiam) (unpublished) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that 'simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue').").

standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g., Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) ... As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo*

the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[5]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[6]

---

[5] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[6] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established

that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III. *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Patrick met the applicable insured status requirements through March 31, 2017, and that she had not engaged in substantial gainful activity since the alleged disability onset date of January 21,

2015. (R. 14).[7] At Step Two, the ALJ determined that Patrick had the following severe impairments: morbid obesity; shoulder impingement syndrome; cervicalgia; chronic pain syndrome; degenerative disc disease, spondylosis, and borderline canal stenosis of the cervical and lumbar spine; occipital neuralgia; anterolisthesis of L4 on L5; osteoarthritic facet disease; asthma; diabetes; and polyneuropathy. (R. 14 – 15). At Step Three, the ALJ found that Patrick did not have an impairment or combination of impairments that met or equaled the severity of a specified impairment in Appendix 1 of the Listing of Impairments, 20 C.F.R. § 404, Subpt. P, App. 1. (R. 15 – 16).

At Step Four,[8] the ALJ determined that Patrick had the residual functional

---

[7] "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured. 42 U.S.C. § 423(a)(1)(A) (2005). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202–03 (2005)." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

[8] At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. §

capacity (RFC) "to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)[,]"[9] with the following limitations: Patrick "can occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds[;] can sit, stand, or walk for 6 hours each during an 8-hour workday with customary breaks[;] should not perform climbing, crouching, kneeling, or crawling[;] should not perform overhead work[;] can only occasionally perform pushing and pulling of arm, leg, or foot controls[; and] would be limited to the performance of simple, routine tasks." "Due to reports of sedation, she [also] should not operate hazardous moving equipment, work at heights, or drive." (R. 16 – 19).

Based on this RFC and the testimony of a vocational expert,[10] the ALJ

---

404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.

In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

[9] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4. *See also* 20 C.F.R. §§ 404.1567, 416.967.

[10] "A vocational expert is an expert on the kinds of jobs an individual can perform based on his or her capacity and impairments. When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously

determined that Patrick was able to perform past relevant work as a cashier, thus

obviating the obligation to proceed to Step Five. (R. 19). Accordingly, the ALJ

found that Patrick was not disabled under the Social Security Act. (R. 19 – 20).

## IV.  *Analysis*

Patrick asserts that the ALJ improperly rejected the medical opinion[11] of

---

determined that the claimant has will be able to secure employment in the national economy." *Phillips*, 357 F.3d at 1240.

[11]  " 'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.' " *Winschel*, 631 F.3d at 1178-79 (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)). "In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including (1) whether the physician has examined the claimant; (2) the length, nature, and extent of a treating physician's relationship with the claimant; (3) the medical evidence and explanation supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization. These factors apply to both examining and non-examining physicians." *Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. 2014) (per curiam) (unpublished) (internal citations and quotation marks omitted) (citing 20 C.F.R. §§ 404.1527(c) & (e), 416.927(c) & (e)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citation omitted). While "the ALJ is not required to explicitly address each of those factors[,]" *Lawton v. Comm'r of Soc. Sec.*, 431 F. App'x 830, 833 (11th Cir. 2011) (per curiam) (unpublished), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179. An "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam).
   On January 18, 2017, the SSA substantially revised the regulations governing how the Commissioner considers medical opinions; however, those revisions apply only to claims filed on or after March 27, 2017, and are thus

non-examining psychologist Dr. Joanna Koulianos, a state agency reviewer, that Patrick's affective disorder was a severe impairment.[12] While an ALJ is supposed to identify "severe" impairments at Step Two, the ALJ did not expressly evaluate Dr. Koulianos's opinion that Patrick's affective disorder was a severe impairment until Step Four, where she found it to be inconsistent with both Patrick's activities of daily living and another portion of Dr. Koulianos's assessment. At both Step Two and Step Four, the ALJ found that Patrick "does not have a severe mental impairment." (R. 15, 18).

At Step Two, an ALJ first determines whether an impairment is "medically determinable" based on objective medical evidence. *See* 20 C.F.R. §§ 404.1521, 416.921. "After [it is] establish[ed] that [the claimant] ha[s] a medically determinable impairment(s), then [the Commissioner] determine[s] whether [the] impairment(s) is severe." *Id.* Step Two "acts as a filter; if no severe impairment is shown the claim is denied, but the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). However, "[a]t step three the ALJ must determine if the applicant has a severe impairment or a combination of impairments, whether

---

inapplicable to Patrick's present applications. *See* 20 C.F.R. §§ 404.1520c, 416.920c; 82 Fed. Reg. 5844-01, 2017 WL 168819.

[12] Patrick's brief erroneously claims Dr. Koulianos was an "examining" psychologist. (*See* Doc. 17 at 3).

severe or not, that qualify as a disability. The ALJ must consider the applicant's medical condition taken as a whole. Likewise, the ALJ must consider the applicant's entire medical condition in determining whether the applicant can return to her past work (step four), and if not, whether the applicant can perform other work available in the national economy (step five)." *Id.* In short, "[o]nce a case advances beyond step two, the ALJ must consider all impairments, severe or not, at step three and in assessing the RFC." *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 853 (11th Cir. 2013) (per curiam) (unpublished) (citing *Bowen v. Heckler*, 748 F.2d 629, 634–35 (11th Cir. 1984)). Therefore, the ALJ's failure to find the additional severe impairment of affective disorder at Step Two "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [Patrick]'s mental impairment when assessing h[er] RFC, and reached conclusions about [her] mental capabilities supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, -- F.3d --, No. 17-14992, 2019 WL 4023639, at *15 (11th Cir. Aug. 27, 2019) (per curiam).[13]

---

[13] *See also Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. 2011) (per curiam) (unpublished) ("The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." (citing *Jamison*, 814 F.2d at 588; *Phillips*, 357 F.3d at 1238)); *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam) (unpublished) ("[S]tep two requires only a finding of 'at least one' severe impairment to continue on to the later steps. *See Jamison*, 814 F.2d at 588. Further, the regulations state that the only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability. *See* 20 C.F.R. § 404.1520(a)(4)(ii). Here, the ALJ found multiple severe impairments and accordingly proceeded to step three of the evaluation. Based on

Regardless of whether the ALJ was ultimately correct in finding that Patrick's affective disorder was not a severe impairment, and in rejecting Dr. Koulianos's opinion to that effect (issues which the undersigned does not decide in this opinion), the ALJ never stated that Patrick's affective disorder was not a "medically determinable" impairment. The ALJ's completion of the psychiatric review technique at Step Two (*see* R. 15) indicates that the ALJ believed Patrick presented at least a colorable claim of mental impairment. *See Moore*, 405 F.3d at 1214 ("[W]here a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a P[sychiatric Review Technique Form] and append it to the decision, or incorporate its mode of analysis into his findings and conclusions."). Indeed, the ALJ's express finding that Patrick had no severe mental impairment indicates an implicit determination that Patrick has at least one medically determinable mental impairment. *See* 20 C.F.R. §§

---

our precedent and the regulations, therefore, it is apparent that there is no need for an ALJ to identify every severe impairment at step two. Accordingly, even assuming that Tuggerson–Brown is correct that her additional impairments were 'severe,' the ALJ's recognition of that as a fact would not, in any way, have changed the step-two analysis, and she cannot demonstrate error below."); *Vangile v. Comm'r, Soc. Sec. Admin.*, 695 F. App'x 510, 513-14 (11th Cir. 2017) (per curiam) (unpublished) ("If the ALJ finds any severe impairment, she must proceed to the third step of the analysis. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) ... In this case, any step two error the ALJ may have committed by failing to explicitly mention Vangile's chronic mastoiditis was harmless because she found two other severe impairments and proceeded to step three in any event."); *Freeman v. Comm'r, Soc. Sec. Admin.*, 593 F. App'x 911, 914–15 (11th Cir. 2014) (per curiam) (unpublished) ("Although the ALJ found that Mr. Freeman's back pain was not a severe impairment, the record demonstrates that she considered and discussed these symptoms at subsequent steps of the sequential analysis. Accordingly, any error in failing to find that Mr. Freeman's lower back pain was severe was harmless because the symptoms were nonetheless considered in the subsequent steps of the ALJ's analysis.").

404.1521, 416.921 ("After we establish that you have a medically determinable impairment(s), **then** we determine whether your impairment(s) is severe." (emphasis added)); 20 C.F.R. §§ 404.1520a(a)-(b), 416.920a(a)-(b) ("[W]hen we evaluate the severity of mental impairments for adults (persons age 18 and over) and in persons under age 18 when Part A of the Listing of Impairments is used, we must follow a special technique at each level in the administrative review process … Under the special technique, we must first evaluate your pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s) … If we determine that you have a medically determinable mental impairment(s), … [w]e must then rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of this section and record our findings as set out in paragraph (e) of this section.").[14]

---

[14] A medical opinion, standing alone, does not establish the existence of a "medically determinable" impairment. *See* 20 C.F.R. §§ 404.1521, 416.921("We will not use your statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)."). However, once a mental impairment has been found "medically determinable," medical opinions might be relevant to deciding whether it is a "severe" impairment. *See* 20 C.F.R. §§ 404.1520a(c)-(d), 416.920a(c)-(d) (noting that the special technique for evaluating the severity of mental impairments generally relies on "clinical signs and laboratory findings, the effects of your symptoms, and how your functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medication, and other treatment[,]" and that an impairment determined to be not severe under the special technique might still be found severe if "the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities"). Here, the ALJ determined that Patrick did not suffer from a "severe" mental impairment by, *inter alia*, comparing Dr. Koulianos's opinion to the evidence of record. Moreover, the Commissioner's brief cites evidence indicating that Patrick was taking medication and receiving some treatment for her affective disorder. These parts of the ALJ's decision further suggest an implicit finding that Patrick suffered from a non-severe but still medically determinable impairment.

Because the ALJ's decision indicates an implicit determination that Patrick had at least one non-severe medically determinable impairment at Step Two, the ALJ was required to consider that impairment in the later steps of the sequential analysis. However, at Step Three, the ALJ stated only that the "severity of [Patrick]'s **physical** impairments considered singly and in combination" did not meet or equal a Listing. (R. 15 – 16 (emphasis added)). The ALJ did not otherwise discuss mental impairments at Step Three, nor do any of the Listings the ALJ specifically discussed relate to mental impairments. Apart from rejecting Dr. Koulianos's opinion and again declaring that Patrick had no severe mental impairments (a finding more relevant to Step Two), the ALJ also did not discuss any mental impairments at Step Four. *See also Schink*, 2019 WL 4023639, at *17 ("Severe or not, the ALJ was required to consider Schink's mental impairments in the RFC assessment but evidently failed to do so."). Accordingly, it is not clear from the ALJ's decision that she "consider[ed Patrick]'s medical condition taken as a whole" in finding Patrick not disabled at Step Four. *Jamison*, 814 F.2d at 588. *See also Schink*, 2019 WL 4023639, at *15 (finding that the ALJ erred in failing to find severe mental impairments at Step Two, and that this error was not harmless because "the ALJ's RFC assessment was limited to [the claimant]'s physical abilities and impairments and erroneously omitted his mental ones"). "If an ALJ fails to address the degree of impairment caused by the combination of physical and mental medical problems, the decision that the claimant is not disabled cannot be upheld." *Schink*, 2019 WL 4023639, at *16. For this reason, the Commissioner's

final decision is due to be **REVERSED** and **REMANDED** under sentence four of §
405(g).[15]

Patrick requests that the Commissioner's decision "be reversed and [Patrick]
found disabled[,]" and only requests a remand for further proceedings in the
alternative. (Doc. 17 at 6). The United States Supreme Court has cautioned that a
court reviewing an agency decision "is not generally empowered to conduct a *de
novo* inquiry into the matter being reviewed and to reach its own conclusions based
on such an inquiry. Rather, the proper course, except in rare circumstances, is to
remand to the agency for additional investigation or explanation." *INS v. Orlando
Ventura*, 537 U.S. 12, 16 (2002) (citation and quotations omitted). In the context of
Social Security judicial review specifically, the Eleventh Circuit has recognized that
generally remand to the Commissioner for further proceedings is warranted where

---

[15] Because of this finding of reversible error, the undersigned finds it
unnecessary to address Patrick's other claim that the ALJ erred in finding at Step
Four that she could return to her past work as a cashier.
    Patrick is wrong that the ALJ "fail[ed] to address [her] mental limitations
secondary to her complaints of chronic pain." (Doc. 17 at 3). At Step Four, the ALJ
expressly stated that she "accounted for [Patrick]'s pain and its effects on [Patrick]'s]
ability to concentrate with a limitation to the performance of simple, routine tasks"
in the RFC, and that "[f]urther nonexertional limitations are not warranted…" (R.
18 – 19). Patrick fails to elaborate on why she believes this limitation is
irreconcilable with the ALJ's Step Two finding that she has mild limitations in
concentrating, persisting, or maintaining pace, a finding was supported by other
portions of Dr. Koulianos's opinion that the ALJ appeared to accept. Patrick cites
evidence indicating that she was receiving injections for her pain and was referred
for further management with a neurologist after the injections apparently failed to
relieve her pain. At most, this is evidence that Patrick was experiencing pain,
which the ALJ acknowledged accounting for in the RFC. *See Moore*, 405 F.3d at
1213 n.6 ("[T]he mere existence of … impairments does not reveal the extent to
which they limit [a claimant's] ability to work or undermine the ALJ's
determination in that regard.").

"the ALJ has failed to apply the correct legal standards." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). While this Court may enter an order "awarding disability benefits where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt[,]" *id.,* Patrick has failed to convince the undersigned that this standard is met here.[16]

Accordingly, the Court finds that the Commissioner's final decision denying Patrick a period of disability, DIB, and SSI is due to be **REVERSED** and

---

[16] *Compare Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991) ("The credibility of witnesses is for the Secretary to determine, not the courts…The decision of the Secretary here, however, rests not so much on the credibility of the 'history of pain; presented by Carnes, as on the adoption of a legal standard improper under Listing 10.10(A). []The record in this case is fully developed and there is no need to remand for additional evidence. Based on the facts adduced below and after application of the proper legal standard, we hold that claimant met the requirements of Listing 10.10(A) as early as 1982."), *with Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (per curiam) ("Though we have found that the ALJ erred in his application of the legal standards, at this time we decline to enter an order requiring entitlement to disability benefits. While it is true that the opinions of Drs. Todd and Raybin provide strong evidence of disability, it is at least arguable that the report of Dr. Morse is to the contrary. Consequently, it is appropriate that the evidence be evaluated in the first instance by the ALJ pursuant to the correct legal standards."), *and Hildebrand v. Comm'r of Soc. Sec.*, No. 6:11-CV-1012-ORL-31, 2012 WL 1854238, at *7 (M.D. Fla. May 4, 2012) ("The errors noted here compel a return of the case to the Commissioner to evaluate the evidence and make findings in the first instance. For the reasons set forth above, the Court finds that certain of the conclusions of the ALJ were not made in accordance with proper legal standards and are not supported by substantial evidence. The Court does not find that only one conclusion can be drawn from the evidence; but that the conclusion that was drawn did not meet the standard of review. Under such a circumstance, it would not be appropriate for this Court to substitute its opinion of the weight to be given the evidence for that of the Commissioner. While the Court has the power to do just that in an appropriate case, the Court finds this is not such a case."), *report and recommendation adopted*, No. 6:11-CV-1012-ORL-31, 2012 WL 1854249 (M.D. Fla. May 21, 2012).

**REMANDED** to the Commissioner under sentence four of § 405(g) for further administrative proceedings consistent with this decision.

## V.    *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's final decision denying Patrick's July 30, 2015 applications for a period of disability, DIB, and SSI is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further administrative proceedings consistent with this decision.  This remand under sentence four of § 405(g) makes Patrick a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *see Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

Under Federal Rule of Civil Procedure 54(d)(2)(B), should Patrick be awarded Social Security benefits on the subject applications following this remand, the Court hereby grants Patrick's counsel an extension of time in which to file a motion for fees under 42 U.S.C. § 406(b) until thirty days after the date of receipt of a notice of award of benefits from the SSA.[17]  Consistent with 20 C.F.R. § 422.210(c), "the date of receipt of notice … shall be presumed to be 5 days after the date of such notice,

---

[17] *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (per curiam) ("Fed. R. Civ. P. 54(d)(2) applies to a § 406(b) attorney's fee claim."); *Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008) (per curiam) (unpublished) ("In *Bergen v. Comm'r of Soc. Sec.,* 454 F.3d 1273 (11th Cir. 2006), we suggested the best practice for avoiding confusion about the integration of Fed. R. Civ. P. 54(d)(2)(B) into the procedural framework of a fee award under 42 U.S.C. § 406 is for a plaintiff to request and the district court to include in the remand judgment a statement that attorneys fees may be applied for within a specified time after the determination of the plaintiff's past due benefits by the Commission. 454 F.3d at 1278 n.2.").

unless there is a reasonable showing to the contrary." If multiple award notices are issued for the subject applications, the time for filing a § 406(b) fee motion shall run from the date of receipt of the latest-dated notice.

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 11th day of September 2019.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**